# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RUTH ESTHER MARTINEZ,**
    **Plaintiff,**

v.     Case No: 6:20-cv-00807-Orl-DCI

**ANDREW SAUL, Commissioner of the Social Security Administration,**
    **Defendant.**

## MEMORANDUM OF DECISION[1]

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying her application for disability insurance benefits and supplemental security income. In a decision dated July 22, 2019, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from February 17, 2017, the alleged disability onset date, through July 22, 2019, the date of the ALJ's decision. R. 15-23. Having considered the parties' memoranda and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

### I. Issues on Appeal

Claimant makes the following two arguments on appeal:

1) The ALJ failed to adequately support her rejection of Dr. Perdomo's opinion. *See* Doc. 20 at 12.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Doc. 16.

2) The ALJ failed to support her analysis of Claimant's subjective complaints with substantial evidence.  *See* Doc. 20 at 22.

## II.     Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted).  "With respect to the Commissioner's legal conclusions, however, our review is *de novo.*"  *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III.    Discussion

### A. Dr. Perdomo's Opinion

Here, Claimant argues that the ALJ erred in discounting the opinion of consultative examiner, Dr. Perdomo.  *See* Doc. 20 at 12-18.  The Court rejects this argument.

At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to perform past relevant work.  *Phillips*, 357 F.3d at 1238.  "The residual functional capacity is an assessment, based upon all of the relevant evidence of a claimant's remaining ability to do work despite his impairments."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The ALJ is responsible for determining the claimant's RFC.  20 C.F.R. §§ 404.1546(c); 416.946(c).  In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of the treating, examining, and non-examining medical sources.  20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); see also *Rosario v. Comm'r*

*of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).[2] The consideration of medical source opinions is an integral part of steps four and five of the sequential evaluation process.

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Because Claimant filed her claim after March 22, 2017,[3] 20 C.F.R. § 404.150c and 20 C.F.R. § 416.920c are applicable in this case. Under these provisions, an ALJ must apply the same factors in the consideration of the opinions from all medical sources and administrative medial findings, rather than affording specific evidentiary weight to any particular provider's opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ must consider: 1) supportability; 2) consistency; 3) relationship with the claimant;[4] 4) specialization; and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c)(1)-(5); 416.920c(c)(1)-(5).

---

[2] Here, in assessing the Claimant's RFC, the ALJ stated:

> After careful consideration of the entire record, the undersigned finds claimant has the RFC to perform light work (20 CFR 404.1567(b) and 416.967(b)), except sit up to 25% of the workday; occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs, but no ladders, ropes, or scaffolds; avoid: constant pushing and pulling with the upper extremities, constant bilateral overhead reaching, work at unprotected heights, work with dangerous machinery and dangerous tools, constant vibration, and constant temperatures over 90ºF and under 40ºF; work tasks should be simple, learned in 30 days, with occasional superficial interaction with the general public.

R. 19.

[3] Claimant filed her claim on June 15, 2017. Doc. 20 at 1.

[4] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extend of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)-(v); 416.920c(c)(3)(i)-(v).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). Supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record.[5] In other words, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record—familiar concepts within the framework of social security litigation.

The ALJ may, but is not required to, explain how the ALJ considered the remaining three factors (relationship with claimant, specialization, and "other factors"). 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) ("The new regulations are not inconsistent with Eleventh Circuit precedent holding that 'the ALJ may reject any medical opinion if the evidence supports a contrary finding.'") (quoting *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, *2 (11th Cir. Mar. 9, 2017) (per curiam) and citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam)(same)).

Here, in addressing Dr. Perdomo's opinion, the ALJ stated:

> Consultative examiner Dr. Perdomo opined that claimant can stand and walk 2-3 [hours], sit 3-4 hours and lift 5 pounds, but avoid repetitive bending, stooping, or crouching. (Exhibit B8F/2) This opinion is not persuasive. It is based on a one time limited exam. It is inconsistent with claimant's other exams noted hereinabove. (See B12F, B13F) Claimant has required only conservative treatment. The doctor's

---

[5] The regulations provide, in relevant part, that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1)-(2); 416.920c(c)(1)-(2).

> limitations are unreasonable in light of his own exam findings of normal sensory and motor functioning, normal coordinate and station, no neurological gait deficits, negative Romberg testing, full range of motion of the lower extremities.

R. 20-21.

The Court finds that substantial evidence supports the ALJ's finding that Dr. Perdomo's opinion is "not persuasive." The ALJ first noted that Dr. Perdomo's opinion was formed from a one-time, limited exam. R. 20. As a one time examiner, Dr. Perdomo's opinion is not entitled to any particular deference. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) ("The ALJ correctly found that, because Hartig examined Crawford on only one occasion, her opinion was not entitled to great weight."); *Mackie v. Astrue*, 2008 WL 719210, at *11 (N.D. Fla. Mar. 11, 2008) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)) ("a consultative examination, that is, a one-time examination by a physician who is not a treating physician, need not be given deference by the commissioner.").

Additionally, the ALJ found Dr. Perdomo's opinion to be inconsistent with Dr. Perdomo's own exam findings. *Id.* For example, Dr. Perdomo opined that Claimant should avoid repetitive bending, stooping, or crouching. *See* R. 624. However, the ALJ explained that Dr. Perdomo's findings reflected normal sensory and motor functioning, normal coordinate and station, no neurological gait deficits, negative Romberg testing, and full range of motion of the lower extremities. R. 20-21. Thus, after considering Dr. Perdomo's own exam findings—from a single, limited exam—the ALJ found Dr. Perdomo's limitations to be unreasonable. R. 21.

Further, the ALJ explained that Dr. Perdomo's opinion is inconsistent with the record evidence. R. 20. For example, Dr. Perdomo opined that Claimant can stand and walk for two to three hours, sit three to four hours, and lift five pounds. *Id.* However, the ALJ noted that Claimant retained full strength, with no edema in her extremities. *See* R. 20 (citing R. 671, 790). Additionally, the ALJ noted that Claimant was found to be in no acute distress, with no chest pain

or shortness of breath. *See* R. 20 (citing R. 670-71, 735-36). And the ALJ noted that Claimant "has required only conservative treatment." R. 20. Consequently, the ALJ found that Dr. Perdomo's opinion was inconsistent with the record evidence.

In sum, the ALJ found Dr. Perdomo's opinion to be inconsistent Dr. Perdomo's own exam findings and unsupported by the record evidence. Claimant's arguments to the contrary essentially ask the Court to reweigh the evidence, which is not this Court's function.[6] *Winschel*, 631 F.3d at 1178. The ALJ's findings as to Dr. Perdomo's opinion are supported by substantial evidence, and thus the Court finds no reversible error.

### B. Analysis of Claimant's Subjective Complaints

Next, Claimant argues that the ALJ failed to support her analysis of Claimant's subjective complaints with substantial evidence. *See* Doc. 20 at 22. The Court rejects this argument.

An individual seeking disability benefits has the burden to prove she is disabled and unable to perform her past relevant work. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant may establish "disability through his own testimony of pain or other subjective

---

[6] Claimant also appears to argue that the ALJ "did not consider" the consultative examination report from Silver Star Family Medicine. *See* Doc. 20 at 15-16. For example, Claimant states that "[t]he ALJ neglected to note that Dr. Perdomo observed the appearance of pain while sitting in the examining room and the necessity of some assistance when moving from the chair to the examining table due to lower back pain. *See* Doc. 20 at 15. However, the ALJ did consider this consultative examination report. *See* R. 20-21. Specifically, the ALJ states "[t]he December 2017 consultative exam by Alex Perdomo, M.D. found no difficulties ambulating, but she appeared to be in pain in the exam room; she needed help to move to the exam table." R. 20. Nevertheless, Claimant waived these arguments by raising them in a perfunctory manner. *See Jacobus*, 664 Fed. Appx. at 774. Further, Claimant provides no persuasive argument to suggest that the ALJ's alleged errors were harmful; Claimant does not explain how the consultative exam report conflicts with the RFC. *See e.g.*, *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam) (similar).

symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam); *see also* 20 C.F.R. § 404.1529 (setting out standards for evaluating pain and other symptoms).

If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id.* at § 404.1529(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *See Foote*, 67 F.3d at 1562.

Here, the ALJ found that "[C]laimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; [however,] statements of intensity, persistence and limiting effects of symptoms are not entirely consistent with the medical evidence and other evidence of record." R. 19-20. The ALJ provided further explanation in support of her credibility determination as follows:

> [Claimant] alleged back pain, but exams show no problem ambulating. She retained full strength, with no edema in her extremities. (Exhibit B12F/16, 80-81; B13F/1) Claimant is not always compliant with prescribed medication. (Exhibit B7F/1;

>B13F/1) Claimant testified to cervical pain that traveled to right arm, which hurt at the shoulder when she tried to stir something. Yet, she had normal fine manipulation and grip strength with normal sensory and motor functions. (Exhibit B8F) The neck was supple with no clubbing or edema of the extremities. (Exhibit B13F) Full strength was noted on another exam, which was relatively normal, considering her complaints. (Exhibit B12F)

R. 20 (emphasis added).

The Court finds that the ALJ provided explicit and adequate reasons for rejecting Claimant's subjective complaints. First, the ALJ cited record evidence and explained how that evidence was inconsistent with Claimant's testimony. R. 19-20. For example, the ALJ noted that Claimant alleged back pain, but exams show no problem ambulating. R. 20. Additionally, the ALJ reported that Claimant testified to cervical pain that traveled to the right arm, yet Claimant had normal fine manipulation and grip strength. *Id.* The ALJ also considered Claimant's activities of daily living. R. 19. For example, the ALJ noted that Claimant cares for her adult son with autism, whom she supervises, entertains, and reads to. R. 21. The ALJ also noted that Claimant uses transportation systems via mobile applications, navigates to the local store to make purchases, and shops with her daughter. *Id.*

Thus, the ALJ found Claimant's subjective complaints inconsistent with the record evidence and supported her determination with substantial evidence. R. 19-21. Claimant's arguments to the contrary essentially ask the Court to reweigh the evidence, which is not this Court's function. *Winschel*, 631 F.3d at 1178. The Court finds no error with respect to the ALJ's credibility finding.

### IV. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining

whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the Commissioner's decision is due to be affirmed.

Accordingly, it is **ORDERED** that:

1. The Commissioner's decision is **AFFIRMED**; and

2. The Clerk is **DIRECTED** to enter judgment accordingly and close the file.

**ORDERED** in Orlando, Florida on August 11, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties